IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRUNNER,<br><br>Plaintiff,<br>vs.<br><br>UTAH COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING [70] PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>Case No. 2:24-cv-00338-CMR<br><br>Chief Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to Magistrate Judge Cecilia M. Romero conducting all proceedings, including entry of final judgment (ECF 18). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Plaintiff Donald Earl Burnner's (Plaintiff) Motion to Amend Complaint (Motion) (ECF 70). Also before the court is the Memorandum in Opposition to the Motion (ECF 71) filed by Consol Defendants Brad D Bishop; City of Payson Police Department; FNU Cox, T. Cressall; FNU Gille; J. Goode; Payson City; Utah Police Department; FNU Pearson; M. Elias Reynolds; J. D. Tarone; FNU Taylor; J. Thompson, J. White; William Wright; and Defendants Mike Smith; and Utah County Sheriff's Office (collectively, Defendants). Plaintiff did not file a reply, and the time to do so has now passed. *See* DUCivR 7-1(a)(4)(D)(ii).

Having carefully considered the relevant filings, case law, and oral argument, the court DENIES Plaintiff's Motion.

## I. BACKGROUND

Plaintiff filed his consolidated complaint on August 22, 2024 (ECF 42). By court order, Plaintiff's deadline to move to amend his pleadings was November 15, 2025 (ECF 27). Plaintiff filed the present Motion on July 30, 2026, more than eight months after the deadline to amend pleadings. Defendants argue that Plaintiff's motion is untimely and does not set forth any

justification for its untimely filing (ECF 71). As indicated above, Plaintiff did not file a reply in response to Defendants' Opposition.

## II. DISCUSSION

Rule 15(a)(2) directs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). After the scheduling-order deadline has passed, however, the movant must first establish good cause under Rule 16(b)(4) by showing that the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). Absent a showing of good cause under Rule 16, the court need not reach Rule 15(a)'s liberal amendment standard. *Id.* at 1242 ("Having concluded Gorsuch Cooper and Aspen lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so.").

Here, Plaintiff filed his Motion more than eight months after the amendment deadline but does not address the good cause standard or explain why he could not have sought amendment earlier. Because Plaintiff offers no explanation demonstrating diligence or otherwise establishing good cause to modify the scheduling order, the court DENIES the Motion pursuant to Rule 16(b)(4).

## III. ORDER

For the foregoing reasons, the court DENIES Plaintiff's Motion to Amend Complaint (ECF 70).

DATED this 15 September 2026.

Cecilia M. Romero

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah